IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17cv205

BARRINGTON BOYD,               )
                               )
    Appellant,              )
                               )
vs.                            )                    ORDER
                               )
BURTON SHUFORD, Trustee of the )
Estate of Debtor Live Naturally, LLC, )
                               )
    Appellee.               )
                               )
_____)

This matter is before the Court upon *pro se* Appellant Barrington Boyd's Motion for Rule 60 Relief from the Order entered by this Court on September 13, 2017 affirming an Order of the bankruptcy court. Appellant has failed to meet his burden under Rule 60(b). As this court has recently noted:

> Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). A movant must first show that he has moved in a timely fashion, that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced by a set aside, and show exceptional circumstances. *See Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011); *Werner v. Carbo*, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing *Compton*, 608 F.2d at 102). If a movant satisfies these three requirements, then he must show that his motion falls under one of the six grounds set forth in Rule 60(b). *Werner*, 731 F.2d at 207. Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." *Dowell v. State Farm Fire Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks and citation omitted).

*Mike v. United States*, 3:05-CR-46-RJC-DSC-1, 2017 WL 4868563, at *2 (W.D.N.C. Oct. 27, 2017). The Court finds no grounds under Rule 60(b) for relief from judgment and there is nothing in Appellant's motion that would indicate that this case involves "extraordinary circumstances."

      IT IS THEREFORE ORDERED that Appellant's Motion for Rule 60(b) Relief is hereby DENIED.

Signed: December 13, 2017

Graham C. Mullen
United States District Judge